UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MITCH ROSENZWEIG and ANIMAL EMERGENCY CRITICAL CARE & REFERRAL CENTER, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:14-CV-604-TAV-HBG |
| SOUND EKLIN, INC., XOFT, INC., and SCOTT FITZPATRICK, | ) ) ) | |
| Defendants. | ) ) | |
| SOUND TECHNOLOGIES, INC., d/b/a SOUND EKLIN, | ) ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| MITCH ROSENZWEIG and ANIMAL EMERGENCY CRITICAL CARE & REFERRAL CENTER, LLC, | ) ) ) ) | |
| Counter-Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant Scott Fitzpatrick's Motion to Dismiss for Insufficient Service of Process [Doc. 4]. Defendant Fitzpatrick argues that service was insufficient because plaintiffs failed to personally serve him or to

successfully serve him through his employer, codefendant Sound Eklin, Inc.[1] Plaintiffs have not responded.

Plaintiffs filed this action on November 18, 2014, in the Chancery Court for Knox County, Tennessee [Doc. 1-1 p. 1–5]. That same day, the Chancery Court issued summons to Mr. Fitzpatrick to be served through the Tennessee Secretary of State [*Id.* at 18]. Plaintiffs addressed the summons to Mr. Fitzpatrick at his employer's address, "c/o Sound Eklin, Inc. 12401 West Olympic Blvd. Los Angeles, CA 90064" [*Id.* at 18–19]. Accordingly, the Tennessee Secretary of State attempted to serve Mr. Fitzpatrick through certified mail at his employer's address [*Id.*]. "Dagoberto Jaime," presumably a Sound Eklin employee, signed the return receipt, not Mr. Fitzpatrick [*See id.* at 19].

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "insufficient service of process." "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). A plaintiff is responsible for serving the summons and complaint in accordance with Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4. "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

---

[1] Defendant notes that his employer, Sound Technologies, was identified incorrectly in the complaint as Sound Eklin, Inc. [Doc. 4 p. 2]. For clarity, however, the Court refers to the defendant's employer as Sound Eklin, Inc.

2

An individual may be served within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"—here, that is, by following Tennessee or California law, respectively. Fed. R. Civ. P. 4(e)(1). Or, an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling . . . with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). There is no proof, or even an allegation, that defendant was served personally, that copies were left at Mr. Fitzpatrick's dwelling, or that Sound Eklin, Inc., or "Dagoberto Jaime" had authority to accept process on Mr. Fitzpatrick's behalf. Therefore, whether the service of process is sufficient turns on Tennessee and California law.

Tennessee Rule of Civil Procedure 4.04(1), which is similar to Federal Rule of Civil Procedure 4(e)(2), allows service upon an individual "by delivering a copy of the summons and of the complaint to the individual personally . . . or by delivering the copies to an agent authorized by appointment or law to receive service on behalf of the individual served." As stated above, there is no indication that Mr. Fitzpatrick was personally served or that "Dagoberto Jaime" or Sound Eklin, Inc., was or is authorized to receive service on behalf of Mr. Fitzpatrick. Accordingly, the Court finds that neither service upon Mr. Fitzpatrick's fellow employee, "Dagoberto Jaime," nor service upon his

3

employer constitutes service upon defendant Fitzpatrick under Tennessee law. *See Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010) ("In the workplace context, service is not effective when another employee whom the individual defendant has not appointed as an agent for service of process nonetheless accepts process on the defendant's behalf."); *Massey v. Hess*, No. 1:05-cv-249, 2006 WL 2370205, at *1–2 (E.D. Tenn. Aug. 14, 2006) (finding service insufficient under Tennessee law because the person who received and signed for the summons and complaint was "simply a person who works in the same office as Defendants" and did not appear to be specifically authorized to sign for and receive certified mail on behalf of other employees); Tenn. Code. Ann. §§ 20-2-215(a), 20-2-216 (indicating that, when the secretary of state mails process to a defendant, a "return receipt signed by, or duly in behalf of, the defendant" is needed to consummate service on the defendant).

In California, pursuant to § 416.90 of its Code of Civil Procedure, an individual is served "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." "If, after reasonable diligence, the summons and complaint cannot be personally delivered in accordance with Section 416.90, several methods of substitute service are permitted." *Blundell v. Cnty. of L.A.*, No. CV 08-02212 DDP (Ex.)., 2009 WL 2486522, at *3 (C.D. Cal. Aug. 12, 2009) (citing Cal. Civ. Proc. Code § 415.20(b)). "One such method is effected by leaving a copy of the summons and complaint at the 'usual place of business' of the person to be served, in the presence of a 'person apparently in charge,' and afterwards mailing a copy of the

4

summons and complaint by first-class mail to the same location." *Id.* (quoting Cal. Civ. Proc. Code § 415.20(b)).

Here, there is no indication of personal delivery to defendant or to an authorized agent and no indication of reasonable diligence by plaintiffs, which ordinarily involves at least two or three attempts at service. *See id.* at *4 (citing *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988)). And even if the substitute method of leaving process at defendant's usual place of business could be utilized, there is no indication that a copy of the summons and complaint was left in the presence of a person apparently in charge or was afterwards mailed to the same location.

In sum, defendant Fitzpatrick has not been properly served, and because the time for service has expired, the Court may dismiss the action as to him. Federal Rule of Civil Procedure 4(m) sets forth the time limit for service.

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this removal action, "the 120-day time period for service of process . . . runs from the date of the removal, not the date that the state court complaint was originally filed." *RDLG, LLC v. RPM Group, LLC*, Nos. 1:10cv204, 1:10cv233, 2010 WL 6594916, at *6 (W.D.N.C. Dec. 21, 2010). This action was removed on December 30, 2014, more than 120 days ago. And although plaintiffs recently filed an answer and a response to the Court's order for more definite statement, plaintiffs still have not

5

responded to defendant Fitzpatrick's motion to dismiss for insufficient service of process, which was filed over four months ago. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

In light of the record and plaintiffs' lack of response, the Court does not find good cause[2] to extend the time for service of process and also declines to exercise its discretion to grant an extension in the absence of good cause. Accordingly, and for the reasons discussed above, the Motion to Dismiss for Insufficient Service of Process [Doc. 4] is **GRANTED** and defendant Fitzpatrick is hereby **DISMISSED** from this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] "Good cause requires at least excusable neglect," *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (citing *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)), "'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice,'" *Moncrief*, 961 F.2d at 597 (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)); *see also Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) ("[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause.").